IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH R. FINDLEY, ) | |
| HEATHER M. FINDLEY, ) | |
| TIMOTHY HOESTERMANN, ) | |
| DEBRA HOESTERMANN, ) | |
| MARK RATLIFF, and ) | |
| VIVIAN RATLIFF, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 06-cv-0078-MJR |
| ) | |
| TAYLOR-MORLEY, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM and ORDER**

REAGAN, District Judge:

In February 2005, seven individuals ("Plaintiffs") filed suit in the Circuit Court of St. Clair County, Illinois against real estate developer Taylor Morley, Inc. Plaintiffs alleged that Taylor Morley made a series of false representations which induced Plaintiffs to purchase lots and construct homes in a development called Olde Lantern Estates. Plaintiffs further alleged that Taylor Morley violated the Illinois Consumer Fraud and Deceptive Business Practices Act, breached contractual obligations, and breached various warranties, leaving Plaintiffs damaged "in an amount to be determined at trial" (Doc. 2, pp. 6-7).

For example, Taylor Morley allegedly promised prospective purchasers that the development would contain a "championship golf course" and that homes in the subdivision would have excellent views of this golf course. In fact, Taylor Morley neither intended to develop such a course nor owned the land on which the course was to sit.

According to the complaint, the homes built by Taylor Morley contain numerous structural defects, and the golf course never materialized (construction was commenced but abandoned). Taylor Morley ceased actively selling lots in the partially completed subdivision. Another builder expressed interest in selling the undeveloped lots. Ultimately, permission of the County Zoning Board was sought for construction of cheaper, more numerous residences in Olde Lantern Estates. Stated simply, Plaintiffs claim that the value of each of their properties is "substantially less than it would have been had Taylor-Morley accurately represented the nature of the Olde Lantern Estates development" (Doc. 2, pp. 8, 9, 10).

After being served with discovery responses in December 2005, Taylor Morley removed the action to this Court, invoking subject matter jurisdiction under the federal diversity statute, **28 U.S.C. § 1332**. All seven plaintiffs are Illinois citizens. Taylor Morley is a Missouri citizen (both incorporated in, and having its principal place of business in, that state). So diversity is complete. But the Court has concerns regarding the amount in controversy.

The complaint seeks damages in an amount to be determined at trial. The removal notice pleads that the amount in controversy "potentially" exceeds $75,000. At this point, the Court is not persuaded that Taylor Morley has met its burden of offering evidence which proves "to a reasonable probability that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, **110 F.3d 424, 427 (7th Cir. 1997),** *citing Gould v. Artisoft, Inc.*, **1 F.3d 544, 547 (7th Cir. 1993)**

Taylor Morley suggests that the $75,000 bar is cleared by at least two Plaintiffs – Timothy and Debra Hoestermann – because the purchase price of their property is $76,296 more than the "current real estate basis" of the property. *See* Doc. 1, p. 2. The Court questions whether

the real estate basis equates to the fair market value of the property.

Additionally, questions linger regarding the amount in controversy as to the other five Plaintiffs' claims. This is not a class action lawsuit, in which – as long as one named plaintiff satisfies the jurisdictional minimum – other Plaintiffs can "piggyback" by virtue of supplemental jurisdiction under **28 U.S.C. § 1367.** *See In re Brand Name Prescription Drugs Antitrust Litigation*, **123 F.3d 599, 607 (7th Cir. 1997).** Taylor Morley has cited only one non-class action case supporting the theory that if Timothy Hoestermann's claim surpasses $75,000 then the Court need inquire no further as to the amount in controversy of the other Plaintiffs' claims. *See* Doc. 1, p. 5, *citing Stromberg Metal Works, Inc. v. Press Mechanical,* **77 F.3d 928, 930 (7th Cir. 1996).**

It is true that *all* Plaintiffs request punitive damages under the Illinois Consumer Fraud Act. And, under certain circumstances, punitive damages can be considered in determining the amount in controversy. *See, e.g., Del Vecchio v. Conseco, Inc.*, **230 F.3d 974, 979 (7th Cir. 2000);** *Geschke v. Air Force Ass'n*, **425 F.3d 337, 342 (7th Cir. 2005)**.

Because it cannot ascertain whether the amount in controversy suffices, the Court **DIRECTS** counsel to brief this issue. Taylor Morley shall file a "Jurisdictional Brief" (no longer than 8 pages) by February 17, 2006. Plaintiffs shall file a responsive "Jurisdictional Brief" (no longer than 8 pages) by February 24, 2006. No reply brief will be permitted.

IT IS SO ORDERED.

DATED this 6th day of February, 2006.

s/ Michael J. Reagan
MICHAEL J. REAGAN
UNITED STATES DISTRICT COURT